Joseph Latini, Respondent, *v.* Louis Zavodnick, Defendant, and Regulus Realty Company, Inc., Appellant.

(Argued October 2, 1930; decided October 14, 1930.)

*Theodore H. Lord* and *James B. Henney* for appellant. No negligence of the appellant was established. No connection was shown between the appellant and the men who placed the boards against the wall in an unsafe and improper position. (*Wolf* v. *American Tract Society,* 164 N. Y. 30; *Murphy* v. *Altman,* 28 App. Div. 472; *Joyce* v. *Convent Ave. Const. Co.,* 155 App. Div. 586; *Hogan* v. *Arbuckle,* 73 App. Div. 590.)

*Owen E. Reilly* for respondent. There is evidence showing that appellant not only actively supervised and directed the carpenters, but specifically ordered the car-

penters to remove the lumber from the street to the roof of its garage. This evidence was neither contradicted nor denied by appellant, the question was one for the jury, and the jury were justified in finding the appellant negligent. (*Kilmer* v. *New York Tel. Co.*, 228 App. Div. 63; *Kraus* v. *Birnbaum*, 200 N. Y. 130; *Hamke* v. *Brown*, 28 App. Div. 37; *Shanahan* v. *Crestonia Constr. Co.*, 202 N. Y. Supp. 785; *Baldwin* v. *Abraham*, 57 App. Div. 67; 171 N. Y. 677.)

CRANE, J. The Regulus Realty Co., Inc., a domestic corporation, was the owner of premises known as 280 Dyckman street in the borough of Manhattan, city of New York, upon which was being erected a two-story garage. The work was being done under contract. Louis Zavodnick was a sub-contractor for the carpenter work. Alexander Allen is alleged in the complaint to have been the general contractor.

On the 24th day of March, 1926, the plaintiff was working for the bricklayers in erecting a scaffold. At that time the roof was being covered with planks by the carpenter sub-contractor, Zavodnick. The lumber had been placed in the street and was being lifted by the carpenter's employees to the roof by hand. At this point the roof was not more than one story high so that the boards, fourteen or fifteen feet in length, could be handed from the street to the man on the roof.

The testimony for the plaintiff shows that the carpenter's men placed about twelve planks upright, leaning against the wall of the building, so that the man on the roof could reach them and pull them up. These twelve planks fell over on the plaintiff who was working nearby, causing his injury.

The plaintiff sued Zavodnick, the carpenter, whose men it is claimed negligently placed the boards in this position; Alexander Allen, the general contractor, and the Regulus Realty Co., Inc.

Allen was president of the Regulus Realty Co., Inc., and was on the job continuously. When the lumber was placed in the street, he told the carpenters to take it away. He said to them, " Pick up the boards in the street and put them on the roof." How this work was to be done he did not say. He gave no instructions as to the manner in which the various contractors and their men should perform the work.

The action was discontinued without costs, by consent, as to Alexander Allen. The jury found a verdict for the defendant Zavodnick, and a verdict for the plaintiff against the owner, the Regulus Realty Co., Inc.

The judge charged the jury as follows: " There is no competent evidence in this case that the defendant Regulus Realty Company at any time was charged with, or had a right to direct, the manner or performance of the details of the work, of the workmen." In this he was correct.

Neither is there any evidence that Allen, the president of the Regulus Realty Co., Inc., told the carpenters to lean the boards against the building. If there were any negligence, it was that of the carpenters and not that of the owner.

The verdict against the Regulus Realty Co., Inc., was without any evidence to support it, and the judgment must be reversed.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, KELLOGG, O'BRIEN and HUBBS, JJ., concur; LEHMAN, J., not sitting.

Judgments reversed, etc.